IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

FREDERICK M. GEORGE, JR.,                )
                                         )
       Plaintiff,                        )
                                         )
v.                                       )   Case No. CIV-06-876-M
                                         )
MICHAEL ASTRUE,                          )
Commissioner, Social                     )
Security Administration,[1]              )
                                         )
       Defendant.                        )

## REPORT AND RECOMMENDATION

Plaintiff Frederick George seeks judicial review of a denial of benefits by the Social Security Administration ("SSA"). The Court should reverse and remand the SSA's decision.[2]

I.    BACKGROUND

Mr. George applied for insurance benefits based on an alleged disability. Administrative Record at pp. 48-50 (certified Oct. 5, 2006) ("Rec."). The SSA denied the

---

[1]    In the complaint, Ms. Jo Anne B. Barnhart was named as the defendant. During the pendency of the action, Mr. Michael Astrue became the Commissioner of the Social Security Administration. Thus, the Court substitutes Mr. Astrue as the defendant. *See* Fed. R. Civ. P. 25(d)(1) ("When a public officer is a party to an action in his official capacity and during its pendency . . . ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party."); *see also* 42 U.S.C. § 405(g) (2000) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

[2]    The Court has referred the action to the undersigned for findings and recommendations on dispositive matters. Order of Referral to United States Magistrate Judge (Aug. 21, 2006).

application initially and on reconsideration. *Id*. at pp. 33-34. A hearing took place,[3] and the administrative law judge found that the Plaintiff was not disabled in light of his ability to perform certain work.[4] The Appeals Council declined jurisdiction,[5] and the present action followed.

II. STANDARD OF REVIEW

The Court must determine whether the SSA's decision is based on substantial evidence and the correct legal standard. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). If the SSA's decision lacks substantial evidence or is based on an incorrect legal standard, reversal is necessary. *See Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) ("if the [administrative law judge] failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence").

III. STEP FIVE

According to Mr. George, the jobs identified by the vocational expert ("VE") require abilities that he lacks. The Court cannot assess this argument in a meaningful manner because the administrative law judge did not identify the Dictionary of Occupational Titles

---

[3] *See* Rec. at pp. 375-401.

[4] Rec. at pp. 17-18.

[5] Rec. at pp. 6-8.

("D.O.T.") code entries being relied upon. The ambiguity in the decision requires reversal and remand.

    A.    <u>The Administrative Law Judge's Duty at Step Five</u>

At step five, the administrative law judge may use the services of a VE. *See* 20 C.F.R. § 404.1566 (2006). But prior to reliance on the VE's testimony, the judge must comply with SSR 00-4p, Policy Interpretation Ruling: Titles II and XVI: Use of Vocational Expert and Vocational Specialist Evidence, and Other Reliable Occupational Information in Disability Decisions, 2000 WL 1898704 (Dec. 4, 2000).[6] This ruling provides:

> When a VE or [vocational specialist] provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or [vocational specialist] evidence and information provided in the [D.O.T.]. In these situations, the adjudicator will:
>
>     Ask the VE or [vocational specialist] if the evidence he or she has provided conflicts with information provided in the [D.O.T.]; and
>
>     If the VE's or [vocational specialist's] evidence appears to conflict with the [D.O.T.], the adjudicator will obtain a reasonable explanation for the apparent conflict.

*Id*., 2000 WL 1898704, Westlaw op. at 4.

---

[6]    Social security rulings are binding on the administrative law judge. *See Nielson v. Sullivan*, 992 F.2d 1118, 1120 (10th Cir. 1993) ("The [SSA's] rulings are binding on an [administrative law judge]." (citation omitted)).

B.     The Administrative Law Judge's Findings at Step Five

At the hearing, the administrative law judge asked the VE whether an individual with Mr. George's limitations[7] could perform other work existing in the national economy. Rec. at p. 400.  In response, the VE testified:

> There would be light and sedentary unskilled jobs, such as a packing and filling machine operator. There's 150, that's light. 154,000 in the national economy and 20,000 in this region of Texas, Oklahoma, Arkansas and Louisiana. Light office cleaning jobs, there's 189,000 in the nation and 20,000 in the region. Sedentary machine operator, 91,000 in the nation and 11,000 in the region. And sedentary assembly work, 167,000 in the nation and 20,000 in the region.

*Id.* The administrative law judge summarized the testimony and stated that the VE had found the ability to work as a:

- packing machine operator,
- office cleaner,
- machine operator, or
- assembler.

*Id.* at p. 17. The Court cannot determine whether Mr. George's capacities were compatible with these jobs because the administrative law judge failed to identify the pertinent D.O.T. entries.  *See Pfitzner v. Apfel*, 169 F.3d 566, 569 (8th Cir. 1999).[8]

---

[7]   The administrative law judge found in effect that Mr. George was limited to "light" or "sedentary" work. *Compare* Rec. at p. 15, *with* 20 C.F.R. § 404.1567(a)-(b) (2006).

[8]   In *Pfitzner v. Apfel*, the administrative law judge found that the plaintiff could return to his past work as a truck driver and the federal district court affirmed. *See Pfitzner v. Apfel*, 169 F.3d at 566, 568. The federal appellate court reversed, concluding in part that the administrative law judge's reasoning was impossible to review because of the failure to identify the pertinent job codes

Packing and Filling Machine Operator/Packing Machine Operator

The VE testified that the Plaintiff could work as a "packing and filling machine operator." Rec. at p. 400; *see supra* p. 4. The administrative law judge apparently adopted this testimony and concluded that Mr. George could work as a "packing machine operator." Rec. at 17; *see supra* p. 4. The D.O.T. lacks an entry for either "packing and filling machine operator" or "packing machine operator." The closest listing is "packager, machine." D.O.T. 920.685-078. But the D.O.T. characterizes that job as "medium" and the administrative law judge found in effect that Mr. George could only perform "light" or "sedentary" work. *See supra* note 7; *infra* pp. 8-9.

The Commissioner argues that the VE was actually referring to the job of "tobacco-packing-machine operator." *See* D.O.T. 920.685-098. Two problems exist with the argument.

First, the administrative law judge did not cite the job of "tobacco-packing-machine operator," and the Court cannot rely on the Defendant's post-hoc justification.[9]

---

in the D.O.T.:

> The [D.O.T.] contains several job titles that relate to truck driving, each identifying different job requirements. The [administrative law judge's] decision leaves to speculation which of these job descriptions reflects [the plaintiff's] past relevant work. As such, we simply cannot say that substantial evidence supports the [administrative law judge's] decision."

*Id*. at 569 (citation omitted).

[9]   *See Hackett v. Barnhart*, 475 F.3d 1166, 1175 (10th Cir. 2007) (reversing in part because "the Commissioner came up with entirely new legal theories in an attempt to reconcile the VE's hearing testimony with the pertinent job descriptions in the [D.O.T.]" which had not been relied on

Second, the Court cannot identify the job the VE was referring to without a job code that matches a D.O.T. listing. Arguably, the VE could have been referring to:

- "package-dyeing-machine operator," which is "semi-skilled," "medium" work,[10] or

- "packaging-and-stamping machine operator," which is "light," "semi-skilled" work.[11]

Without clarification by the VE, the Court would have to speculate in this regard.

Multiple jobs could have satisfied the VE's reference to "packing and filling machine operator." *See supra* pp. 5-6. As a result, the Court cannot assess the consistency between the D.O.T. job descriptions, the VE testimony, and the administrative law judge's finding that the Plaintiff could work as a "packing machine operator." *See Pinto v. Massanari*, 249

---

by the administrative law judge); *see also Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004) ("Affirming this post hoc effort to salvage the [administrative law judge's] decision would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process.").

[10]   *See* D.O.T. 582.685-102.

[11]   *See* D.O.T. 920.685-098.

F.3d 840, 846 (9th Cir. 2001).[12] The ambiguity of the decision requires reversal and remand. *See supra* p. 4.

### Office Cleaner

The administrative law judge also found that Mr. George could work as an "office cleaner." Rec. at p. 17; *see supra* p. 4. The D.O.T. lists various "cleaning" jobs, but does not contain a specific listing for "office cleaner" and multiple entries could satisfy the judge's label. For example, the judge could have been referring to:

- "cleaner, commercial or institutional"[13]

---

[12] In *Pinto v. Massanari*, the administrative law judge found that the plaintiff could return to her past relevant work as a hand packager. *See Pinto v. Massanari*, 249 F.3d at 844. The federal appeals court concluded that the administrative law judge had erred and that his reliance on the D.O.T. was not sufficient. *Id*. at 843, 845-46. The appellate court explained that the D.O.T. contained multiple hand packaging jobs which entailed different functional requirements:

> [T]he definition of "Packager, Hand" in the [D.O.T.] contains more than two dozen different possible jobs . . . .
>
> According to the [D.O.T.], a hand packager is a job requiring a medium exertion level. The [administrative law judge] determined that [the plaintiff's] residual functional capacity was "for medium work restricted only by an inability to stoop, climb, and balance, more than occasionally." The [administrative law judge's] opinion did not address the fact that most "medium" jobs require more than occasional stooping and bending. Instead, the [administrative law judge] relied on the [VE's] opinion that the job of hand packager, unlike most medium exertion jobs, requires only occasional stooping. Given that the title of hand packager is extremely generic, as stated in the regulations, we have doubts about whether this assurance alone was an adequate basis for the [administrative law judge's] determination that [the plaintiff's] residual functional capacity comported with her past relevant work.

*Id*. at 846.

[13] D.O.T. 381.687-014.

7

- "cleaner, industrial (any industry)"[14]

- "cleaner, hospital,"[15] or

- "cleaner, wall."[16]

But all of these jobs require either "medium" or "heavy" exertional capabilities,[17] and Mr. George could only perform "light" or "sedentary" work.[18]  Because the administrative law judge failed to cite a specific job code or clarify the inconsistencies in the previously listed jobs, the Court cannot tell whether the finding was based on substantial evidence.[19]

The Defendant argues that the Plaintiff could perform the job of "cleaner, housekeeping" as listed in the D.O.T., as this job was "light" and "unskilled."  The Court should reject the Defendant's post-hoc explanation because the administrative law judge did not cite this job.  *See supra* pp. 5-6; *infra* p. 10.

---

[14]    D.O.T. 381.687-018.

[15]    D.O.T. 323.687-010.

[16]    D.O.T. 381.687-026.

[17]    *See* D.O.T. 381.687-014 ("cleaner, commercial or institutional"), 381.687-018 ("cleaner, industrial (any industry)"), 323.687-010 ("cleaner, hospital,"), 381.687-026 ("cleaner, wall").

[18]    *See supra* p. 5 & note 7.

[19]    *See Smith v. Barnhart*, 172 Fed. Appx. 795, 799 (10th Cir. Feb. 28, 2006) (unpublished op.) (holding that the administrative law judge had erred in relying on a "cleaning" job at step five which the D.O.T. had classified as "medium" work, when the judge's hypothetical question had limited the claimant to "light" work and the judge had not clarified the inconsistency).

### Machine Operator

The VE testified that the Plaintiff could work as a "machine operator" and the administrative law judge apparently adopted this testimony. *See supra* p. 4. The D.O.T. lists at least nine "machine operator" jobs.[20] Mr. George contends that the jobs are inconsistent with his residual functional capacity and that the administrative law judge erred through a failure to question the VE about the inconsistencies. The Plaintiff is correct.

Within the list of "machine operator" jobs, none is listed as both "unskilled" and "light" or "sedentary." *See supra* pp. 5, 8 & note 7; *see also Adorno v. Shalala*, 40 F.3d 43, 47 (3d Cir. 1994) ("The job of a machine operator is listed as medium work in the [D.O.T.]." (citation omitted)). Thus, all of the jobs are inconsistent with the Plaintiff's abilities[21] and the administrative law judge failed to question the VE regarding the inconsistencies. *See Webster v. Barnhart*, 187 Fed. Appx. 857, 861 n.3 (10th Cir. July 3, 2006) (unpublished op.) (reversing when the VE's testimony was "too ambiguous to discern its precise meaning and, therefore, [rendering] it [ ] impossible to determine whether there [was] a conflict between [the VE's] testimony and the [D.O.T.]").

---

[20] D.O.T. 616.380-018; 619.685-062; 653.662-010; 600.380-018; 609.682-022; 679.685-010; 649.685-070; 920.685-078; 679.362-010.

[21] *See supra* pp. 5, 8-9 & note 7.

The Defendant argues that the job of "picking-belt operator"[22] is "unskilled" and "sedentary," which is consistent with the Plaintiff's abilities. But this argument fails because neither the administrative law judge nor the VE had cited the job of "picking-belt operator."[23]

### Assembler

The administrative law judge relied on VE testimony in finding that Mr. George could work as an "assembler." Rec. at p. 17; *see supra* p. 4. But this finding could entail hundreds of jobs,[24] with varying functional requirements.[25] The generic nature of the finding prevents the Court from determining the consistency between the VE testimony and the D.O.T. As a result, reversal and remand is necessary.[26]

---

[22]   *See* D.O.T. 521.687-086.

[23]   *See supra* pp. 5-6, 8 (discussion regarding the Defendant's post-hoc justifications for the administrative law judge's findings).

[24]   The D.O.T. lists "604 assembly jobs . . . in the [D.O.T.] . . . ." *Strong v. Apfel*, 122 F. Supp. 2d 1025, 1028 n.1 (S.D. Iowa 2000).

[25]   Some of the job listings are consistent with the Plaintiff's limitations. *See supra* pp. 5, 8-9 & note 7. Indeed, the Defendant correctly states that listing 734.687-018 refers to an "assembler" job which is classified as "sedentary" and "unskilled." *See* D.O.T. 734.687-018. But not all "assembler" jobs fit this description. For example, the Tenth Circuit Court of Appeals found five D.O.T. entries for a "bench assembler" and noted that none were considered "sedentary." *Carson v. Barnhart*, 140 Fed. Appx. 29, 37 (10th Cir. July 5, 2005) (unpublished op.).

[26]   This Court addressed a similar issue in *Dennis v. Barnhart*, Case No. CIV-03-1569-F (W.D. Okla.). There the administrative law judge found in part that the plaintiff could work as a "light assembler." *See Dennis v. Barnhart*, Case No. CIV-03-1569-F, slip op. at 5 (W.D. Okla. Jan. 27, 2005) (unpublished report and recommendation by magistrate judge), *adopted* (W.D. Okla. Feb. 17, 2005) (unpublished order by district judge). The Commissioner of the Social Security Administration defended the decision based on the presence of "'numerous light, unskilled assembler occupations'" in the D.O.T. *See id.*, slip op. at 9. The Court rejected the argument, identifying nine "skilled" "assembler" jobs in the D.O.T. *Id.* In light of the presence of these jobs in the D.O.T., the Court concluded: "It is impossible to know which light assembler jobs the VE had in mind for Plaintiff because she provided no [D.O.T.] listing numbers, instead referring to the jobs

## IV. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should reverse the SSA's decision and remand for further proceedings.

Any party may file written objections with the Clerk of the United States District Court, Western District of Oklahoma. *See* 28 U.S.C. § 636(b)(1) (2000). The deadline for objections is April 17, 2007. *See* W.D. Okla. LCvR 72.1(a). The failure to file timely objections would result in waiver of the right to appeal the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

## V. STATUS OF THE REFERRAL

The referral is terminated.

Entered this 27th day of March, 2007.

*(signature)*
Robert E. Bacharach
United States Magistrate Judge

---

collectively as 'light assemblers.'" *Id.*